UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RECEIPT #_____
AMOUNT $ _2 5 5_____
SUMMONS ISSUED  Y  5
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK. _p r_____
DATE_____3 22 5_____

DOGWATCH, INC.,
a Massachusetts corporation,

        Plaintiff,

        v.

LACOSTE COMPANY, Inc.,
a/k/a DOGWATCH HIDDEN FENCE
SYSTEMS OF SOUTH CAROLINA,
Inc. a South Carolina corporation,
and RODNEY LACOSTE,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO. _____

**05 - 10543 RWZ**

MAGISTRATE JUDGE Alexander

## **COMPLAINT**

### **Introduction**

1.    In September 1995, Defendants signed an agreement (the "Dealer Agreement") with DogWatch, Inc. ("DogWatch"), a manufacturer of animal restraint systems, under which Defendants agreed to represent DogWatch as a dealer in the Spartanburg, South Carolina area, and to "create, increase, and satisfy a demand" for DogWatch products. Defendants' contract expressly provided that Defendants "shall be allowed to use (but shall not acquire an ownership interest in) [Dogwatch's] trademarks…."

2.    In or around August 2004, DogWatch terminated the Dealer Agreement with the Defendants.

3.    Subsequent to termination of the Dealer Agreement, Defendants have continued to use the name "DogWatch" in the course of trade, including, but not limited to, listing

1

themselves as "DogWatch Hidden Fence Systems" in local and regional print telephone directories, internet directories, and through directory assistance.

4.    DogWatch now brings this action for violations of the Lanham Act, breach of the duty of good faith and fair dealing, intentional interference with prospective business advantage and relations, unfair competition, "passing off", and unjust enrichment.

## The Parties

5.    Plaintiff DogWatch, Inc. is a Massachusetts corporation, with its principal place of business at Ten Michigan Drive, Natick, Massachusetts.  DogWatch is in the business of, among other things, marketing, distributing, and selling electronic animal restraint systems.

6.    Defendant LaCoste Company, Inc. (hereinafter "LaCoste Company" or "Dealer") is a South Carolina corporation with its principal place of business at Spartanburg, South Carolina.  LaCoste Company was formerly known as DogWatch Hidden Fence Systems of South Carolina, Inc. ("DogWatch of South Carolina").

7.    Defendant Rodney LaCoste ("LaCoste") is an individual who, on information or belief, resides in Spartanburg, South Carolina.  On information and belief, since 1995, LaCoste has been Dealer's owner, officer and director, and the conscious, active, and dominant force behind Dealer's unlawful acts in this judicial district.

8.    For purposes of this Complaint, LaCoste Company and LaCoste will be referred to, collectively, as "Defendants."

2

## Jurisdiction and Venue

9.      Counts I and II of this Complaint are brought under Section 43 of the Lanham Act, 15 U.S.C. § 1125.  This Court has jurisdiction over these claims under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. § 1338(a).

10.      Counts III through VIII of this Complaint are brought under the statutory and common law of the Commonwealth of Massachusetts and/or the State of South Carolina.  This Court has jurisdiction over these claims under the general federal diversity statute, 28 U.S.C. § 1332(a), because the action is between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000.

11.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2), because a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and a substantial part of the property at issue is situated here.

## Factual Background

12.      For a number of years, DogWatch has been in the business of marketing, distributing and selling electronic animal restraint systems, including "hidden fence," electronic training and other animal containment products.

13.      The DogWatch animal restraint system has been promoted widely by DogWatch, and has received extensive publicity.  In April, 1998, the DogWatch animal restraint system was featured in Consumer Digest, and was awarded Consumer Digest's coveted "Best Buy" award.

14.      DogWatch products are sold under the arbitrary and distinctive name "DogWatch," which is used by DogWatch to identify the source of its animal restraint products and services.  DogWatch, through Massachusetts counsel, has registered this name as its

3

trademark, and is the owner of valid U.S. Registration No. 1787377 (issued August, 1993). "DogWatch" is a famous mark.

## DogWatch Dealer Relationships

15.    At a local level, the DogWatch animal restraint system is marketed and distributed through a network of authorized dealers. Applications for DogWatch dealerships are processed and screened by DogWatch at its corporate headquarters in Natick, Massachusetts.

16.    Individuals are not authorized to associate themselves with DogWatch, or to use DogWatch's registered trademarks, or otherwise to market, distribute, or sell DogWatch products, until they sign a formal contract with DogWatch.

17.    Pursuant to such dealer agreements, the dealer is required to, take various steps to advertise and promote DogWatch.

18.    To assist its dealers in their advertising and promotional efforts, DogWatch has commissioned artwork ("Artwork"), and made it available to its dealers. This artwork is to be incorporated into advertisements, including but not limited to those appearing in telephone directories.

## The Dealer Agreement

19.    On or around August 1995, DogWatch signed the Dealer Agreement with Defendants, permitting Defendants to serve as an exclusive dealer of DogWatch animal restraint products in the Spartanburg, South Carolina area. Pursuant to the Dealer Agreement, and in their capacity as a dealer, agent and licensee of DogWatch, Defendants were permitted to use to DogWatch name, logos, trademarks and intellectual property.

4

20.    In their capacity as a dealer, agent and licensee Defendants took various steps to advertise and promote DogWatch in the Spartanburg, South Carolina area. In accordance with the terms of the Dealer Agreement, Defendants also obtained telephone numbers under the names DogWatch of South Carolina, DogWatch Hidden Fence Systems, and DogWatch of Charleston. Those telephone numbers were (864) 579-8600 and (843) 552-3647 (the "Charleston Telephone Number") (collectively, the "DogWatch Telephone Numbers"). Defendants caused the DogWatch Telephone Numbers to be listed in, at least, local and regional telephone directories.

21.    The DogWatch Telephone Numbers were and continue to be listed in telephone directories in and around the Spartanburg area. Further, accompanying some—if not all—of these listings are advertisements which incorporate some—if not all—of the following elements: the DogWatch name, logos, trademarks, intellectual property and the Artwork commissioned by DogWatch.

22.    Upon information or belief, Defendants cancelled the Charleston Telephone Number in or around December 2004, but reactivated the Charleston Telephone Number in or around January 2005.

23.    In or around September 2004, Defendants' Dealer Agreement was terminated. Dogwatch thereupon withdrew all approval of any and all use of DogWatch trademarks, advertising and promotional materials, including, without limitation, the name "DogWatch" and the DogWatch logo and Artwork by the Defendants to advertise or promote themselves as an authorized dealer of DogWatch products, whether in regional telephone directories, news media, or otherwise, and insisted on immediate cessation of such use by Defendants.

24.    Notwithstanding the termination of Defendants' dealer agreement with DogWatch, Defendants have continued to hold themselves out as dealers in DogWatch products, and have continued to use DogWatch's name, logos, trademark, or intellectual property for their own business.

25.    Further, Defendants have used, and are continuing to employ the DogWatch Telephone Numbers that, in and around the Spartanburg, South Carolina area, have been associated with DogWatch for many years. Defendants also continue to use the DogWatch name in telephone listings in Spartanburg, South Carolina regional telephone directories. Defendants have done so in a manner that would lead a consumer reasonably to conclude that Defendants are continuing to sell DogWatch products, or that Defendants are associated in some continuing relationship with DogWatch.

26.    Defendants' continuing unauthorized use of the trademarked name "DogWatch," and their continuing use of the DogWatch Telephone Numbers are calculated to deceive consumers as to the source, origin, affiliation, sponsorship, or endorsement of the animal restraint products and services that Defendants provide. These actions have resulted in consumer confusion and in the misimpression by consumers that Defendants are affiliated in some respect with DogWatch.

27.    To the best of DogWatch's knowledge, Defendants have not informed (and do not inform) customers or potential customers calling the DogWatch Telephone Numbers that Defendants are no longer licensed DogWatch dealers. Neither have Defendants referred customers or potential customers calling the DogWatch Telephone Numbers to a currently licensed DogWatch dealer in the Spartanburg, South Carolina area.

6

28.    On November 22, 2004, DogWatch, by way of certified letter (the "Letter"), demanded that Defendants cease holding themselves out as dealers in DogWatch products, and that they cease using the DogWatch name, logos, trademarks, intellectual property, including but not limited to the DogWatch Telephone Numbers. Plaintiff further demanded that Defendants take steps, including without limitation contacting all local telephone directory service providers, to ensure that Defendant's future telephone and other advertising does not contain, include, refer to, or reference the "DogWatch" name, logos, trademark, or intellectual property.

29.    Defendants have made no satisfactory response to the Letter, and have refused to desist their wrongful use of the DogWatch name, logos, trademark, or intellectual property.

30.    As a result of Defendants' wrongful acts, described above, Plaintiff has suffered and are suffering irreparable harm to their general business and reputation and to the goodwill associated with the DogWatch name, trademark, products, and dealer network.

31.    As a result of Defendants' wrongful acts, described above, Defendants have obtained substantial revenues and profits, which it would be unjust and inequitable to permit Defendants to retain.

32.    Defendants' wrongful acts were done maliciously, oppressively, and with intent to defraud. Thus, Plaintiff is entitled to punitive and exemplary damages in an amount to be determined at trial.

### COUNT I
### (Lanham Act, Section 43(a))

33.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 32 as if set forth in full herein.

7

34.    Through media exposure, advertising and promotion, described above, the DogWatch name and mark have acquired secondary meaning as indicating a dealer in DogWatch goods and services and commercial source thereof. This use of the DogWatch name and mark is protectible under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

35.    The wrongful acts by Defendants, described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants and their products with DogWatch, its products, and its activities.

36.    The wrongful use by Defendants of Plaintiff's name, logo, marks, and intellectual property, as described above, constitutes a false designation of the origin of Defendants' goods, or a false or misleading description or representation of fact, within the meaning of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and is a violation of that statute.

37.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiff has been and continues to be irreparably damaged, and Defendants have been unjustly enriched and have received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

## COUNT II
### (Lanham Act, Section 43(a))

38.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 37 as if set forth in full herein.

39.    Through media exposure, advertising and promotion, described above, the DogWatch Telephone Numbers have acquired secondary meaning as indicating a dealer in

8

DogWatch goods and services and commercial source thereof. This use of the DogWatch Telephone Numbers is protectible under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

40.    The wrongful acts by Defendants, described above, are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants and their products with DogWatch, its products, and its activities.

41.    The wrongful use by Defendants of Plaintiff of the DogWatch Telephone Numbers, described above, constitutes a false designation of the origin of Defendants' goods, or a false or misleading description or representation of fact, within the meaning of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), and is a violation of that statute.

42.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiff has been and continues to be irreparably damaged, and Defendants have been unjustly enriched and have received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

## COUNT III
### (Breach of Implied Covenant of
### Good Faith and Fair Dealing)

43.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 42 as if set forth in full herein.

44.    Defendants' Dealer Agreement with DogWatch carried with it an implied obligation of good faith and fair dealing.

45.    By engaging in the conduct described above, Defendants have breached and are continuing to breach the implied covenant of good faith and fair dealing.

9

46.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiff has been and continues to be irreparably damaged, and Defendants have been unjustly enriched and have received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

### COUNT IV

### (Interference with Prospective Business Advantage and/or Relations)

47.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 46 as if set forth in full herein.

48.    During the time period relevant to this Complaint, Defendants were aware of existing and prospective business relations between DogWatch, its dealers, its customers, and prospective customers of DogWatch products and services.

49.    Through their unauthorized use of the Plaintiff's name, logos, mark and intellectual property, as alleged above, Defendants have pursued, are pursuing and/or intend to pursue, these existing and prospective DogWatch customers for their own commercial advantage.

50.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiff has been and continues to be irreparably damaged, and Defendants have been unjustly enriched and have received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

10

## COUNT V

### (Interference with Prospective
### Business Advantage and/or Relations)

51.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 50 as if set forth in full herein.

52.    During the time period relevant to this Complaint, Defendants were aware of existing and prospective business relations between DogWatch, its dealers, its customers, and prospective customers of DogWatch products and services.

53.    Through their continued use of the DogWatch Telephone Numbers, as alleged above, Defendants have pursued, are pursuing and/or intend to pursue, these existing and prospective DogWatch customers for their own commercial advantage.

54.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiff has been and continues to be irreparably damaged, and Defendants have been unjustly enriched and have received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

## COUNT VI

### (Unfair Trade Practices)

55.    Plaintiff incorporate by reference the allegations of paragraphs 1 through 54 as if set forth in full herein.

11

56.    Defendants' have continued use of DogWatch's name and the DogWatch Telephone Numbers in association with their business despite termination of the Dealer Agreement and DogWatch's subsequent demand that they cease doing so.

57.    Defendants, by their conduct, blatantly have refused to adhere to DogWatch's requests.

58.    Defendants' conduct as set forth herein is an "unfair or deceptive act or practice," within the meaning of M.G.L. ch. 93A and an "[u]nfair method[] of competition and [an] unfair or deceptive practice[] in the conduct of any trade or commerce," within the meaning of S.C. Code § 39-5-20(a). Defendants' conduct is violative of Mass. Gen. L. ch. 93A and South Carolina's Unfair Trade Practices Act.

59.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiff has been and continues to be irreparably damaged, and Defendants have been unjustly enriched and have received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

## COUNT VII

### ("Passing Off")

60.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 59 as set forth in full herein.

61.    The wrongful use by Defendant of the DogWatch name, logos, mark, intellectual property and the DogWatch Telephone Numbers, as described above, in the circumstances of

12

that use, constitute "passing off" and trademark infringement in violation of the common law of the State of South Carolina.

62.    As a direct, foreseeable, and proximate result of Defendants' wrongful conduct, described above, Plaintiffs have been and continue to be irreparably damaged, and Defendants have been unjustly enriched and has received benefits, in an amount to be determined at trial. The damage suffered by Plaintiff is continuing in nature and will persist unless Defendants' acts are enjoined by this Court.

## COUNT VIII

### (Unjust Enrichment)

63.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 62 as if set forth in full herein.

64.    Through their wrongful use of the Plaintiff's name, logo, marks and intellectual property, described above, Defendants have been able to identify and communicate with Plaintiff's prospective customers, and to promote their competing products to these customers.

65.    Through their wrongful acts, described above, including without limitation, continuing use of the Dogwatch Telephone Numbers, Defendants have been able to divert to itself the good will built by DogWatch over many years in the animal restraint business. Defendants have appropriated this good will and these commercial opportunities without cost or expense to themselves.

66.    As a result of the wrongful actions described above, Defendants have obtained substantial sales, revenues, and profits, without associated costs or expenditures.

13

67.    Defendants would be unjustly enriched by the retention of profits or cost savings realized by its wrongful acts, above.

68.    Under the common law of Commonwealth of Massachusetts and the State of South Carolina, Defendants are liable to Plaintiff for disgorgement of such profits, and in any other amount by which Defendants have been unjustly enriched.

## REQUEST FOR RELIEF

WHEREFORE, as a consequence of the acts alleged above, Plaintiff requests that this Court:

A.    issue a permanent injunction enjoining Defendants, their principals, agents, servants and employees, and all others subject to their control

(i) from using the DogWatch name, logos, trademark, or intellectual property in connection with their business or trade, including without limitation in all telephone directories or listings; or

(ii) from distributing to any customer or potential customer any advertising or promotional materials of any kind, upon which DogWatch's name, logos, trademark, or intellectual property appears, or

(iii) from making any other use whatsoever of the DogWatch name, logos, trademark, or intellectual property appears for advertising or promotional purposes or for the purposes of its business or trade;

B.    issue a permanent injunction enjoining Defendants, their principals, agents, servants and employees, and all others subject to their control

14

.

(i) from utilizing the DogWatch Telephone Numbers in any way in Defendants' business, advertising, or promotional activities, or

(ii) from distributing to any customer or potential customer any advertising or promotional materials of any kind, upon which the DogWatch Telephone Numbers appear, or

(iii) from making any other use whatsoever of the DogWatch Telephone Numbers for advertising or promotional purposes or for the purposes of its business or trade;

C.    order that all of Defendants' documents and tangible things upon which the DogWatch name, logos, trademark, or intellectual property appear, including, without limitation, all copies of advertising and promotional materials intended for distribution by Defendants to customers or potential customers in its trade, be delivered up to the Court or to Plaintiff's counsel, and thereafter destroyed;

D.    order Defendants to immediately cease using the DogWatch Telephone Numbers and undertake a program of corrective advertising, including but not limited to telephone messaging and web, print, broadcast, and Yellow Pages advertisements, as reasonably required to correct any public confusion caused by Defendants' activities, above;

E.    determine the amount of the damages that have been incurred by Plaintiff due to Defendants' wrongful acts, as alleged above, and enter a judgment against Defendants in the amount of such damages, plus multiple and punitive damages as appropriate;

F.    determine the amount of the profits that have been obtained by Defendants as a consequence of its wrongful acts, as alleged above, and order disgorgement damages, by Defendants, in the amount of such profits;

15

G.    award punitive and exemplary damages against Defendants, and in favor of

Plaintiff, as set forth above, to the extent authorized by law;

H.    award Plaintiff the costs, including reasonable attorneys' fees, that it has incurred

in bringing and maintaining this action; and

I.    award such other and additional relief as the Court deems just and proper.


Respectfully submitted,

DOGWATCH, INC.,

By counsel,


_____
Todd L. Tisdale (BBO #655643)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000

Dated:  March   , 2005

16

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _____

DOGWATCH, INC. _____ , Plaintiff(s)

v.

LACOSTE COMPANY, INC., a/k/a DOGWATCH HIDDEN FENCE
SYSTEMS OF SOUTH CAROLINA, INC., A South Carolina
corporation and RODNEY LACOSTE _____ , Defendant(s)

## SUMMONS

To the above-named Defendant:  LACOSTE COMPANY, INC.

You are hereby summoned and required to serve upon Todd L. Tisdale, Esq.
Choate, Hall & Stewart LLP

plaintiff's attorney, whose address is 53 State St., Exchange Pl., Boston, MA , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Suzanne V. DelVecchio, Esquire**, at Boston, the_____ day of
_____, in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

DOTMUG, INC.

_____ , Plff(s).

v.

LACKEE COFFAY, INC., a/k/a LACKEE LIFFEN FLACE
STATE S OF SOUH CAROLINA, INC., a outh Carolina
Corporation, and
ZORIN LACCETE

_____ , Deft(s).

## SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

_____
| . 200 ,                    |
_____

**N.B.    TO PROCESS SERVER:-**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

. 200 , _____

Dated: _____

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ , 200 , I served a copy of the within summons,
together with a copy of the complaint in this action, upon the within-named defendant, in the following
manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____
_____
_____

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No._____

DOGWATCH, INC. _____ . Plaintiff(s)

v.

LACOSTE COMPANY, INC., a/k/a DOGWATCH HIDDEN FENCE
SYSTEMS OF SOUTH CAROLINA, INC., A South Carolina
Corporation and RODNEY LACOSTE _____ . Defendant(s)

## SUMMONS

To the above-named Defendant: RODNEY LACOSTE

You are hereby summoned and required to serve upon Todd L. Tisdale, Esq.
_____ Choate, Hall & Stewart _____

plaintiff's attorney, whose address is 53 State St., Exchange Pl., Boston, MA 02109 an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the_____ day of
_____, in the year of our Lord two thousand _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT  (2) MOTOR VEHICLE TORT  (3) CONTRACT  (4) EQUITABLE RELIEF  (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

SUFFOLK, INC.

_____ , Pltf(s).

v.

INGOMI COMPANY, INC., a/k/a INGOMI CITRUS CITRUS GROUP OF SOUTH CAROLINA, INC., a South Carolina Corporation and MONEY INCORP.

_____ , Deft(s).

(AFFIX FILING STAMP HERE)

SUMMONS
(Mass. R. Civ. P. 4)

_____ , 200___

**N.B.    TO PROCESS SERVER:—**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

Dated: _____ , 200___

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____ , 200___ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1–5)):

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

05 - 10543 RWZ

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | | | | | Appeal to District |
|---|---|---|---|---|---|---|---|---|---|---|
| ☒ 1 | Original Proceeding | ☐ 2 | Removed from State Court | ☐ 3 | Remanded from Appellate Court | ☐ 4 | Reinstated or Reopened | ☐ 5 | Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC sec 1121; 28 USC 1338(a);USC sec. 1372(a)

Brief description of cause: Defendant's continued use of plaintiff's name, logo, trademark
& intellectual property in commerce after termination of agreement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
equitalbe relief/unspecified Damages

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)   Dogwatch, Inc. v. LaCoste Company, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

☐    I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☒    II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

☐    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

☐    IV.    220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

☐    V.    150, 152, 153.

# 05 - 10543 RWZ

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

     N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                         YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                                         YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                         YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                         YES ☐    NO ☒

7. Do <u>all</u> of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                                         YES ☒    NO ☐

      A.      If yes, in which division do <u>all</u> of the non-governmental parties reside?

            Eastern Division ☒        Central Division ☐        Western Division ☐

      B.      If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

            Eastern Division ☐        Central Division ☐        Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

                                                         YES ☐    NO ☐

**(PLEASE TYPE OR PRINT)**

**ATTORNEY'S NAME**   Todd L. Tisdale, Esq.

**ADDRESS**  Choate, Hall & Stewart, 53 State Street, Boston, MA 02109

**TELEPHONE NO.**   617-243-5000

(CategoryForm.wpd - 2/15/05)