UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DOGWATCH, INC., a Massachusetts corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 05-10543 RWZ |
| v. | ) ) ) | |
| LACOSTE COMPANY, Inc., a/k/a DOGWATCH HIDDEN FENCE SYSTEMS OF SOUTH CAROLINA, Inc. a South Carolina corporation, and RODNEY LACOSTE, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER OF PERMANENT INJUNCTION

Plaintiff, DogWatch, Inc. ("DogWatch") and Defendants, LaCoste Company, Inc. ("LCI"), and Rodney LaCoste ("LaCoste"), having jointly moved for entry of an Order of Permanent Injunction, pursuant to Fed. R. Civ. P. 65(d), the Court finds and orders as follows:

1. Defendants, their directors, principals, officers, agents, servants, employees, representatives, successors and assigns, and all those acting in concert with or in participation with Defendants, shall be and hereby are **PERMANENTLY ENJOINED** from:

A. imitating, copying, making any other unauthorized use of the name DOGWATCH, or any other term, mark, or name that is confusingly similar to DOGWATCH;

B. identifying itself in any way using the name DOGWATCH, whether as a trade name, trademark, domain name, corporate name, abbreviation, shorthand reference, or

1

otherwise;

C.  maintaining any corporate or trademark registration within the United States including the name DOGWATCH or name that is confusingly similar to DOGWATCH;

D.  using of the telephone numbers (864) 579-8600 and/or (843) 552-3647;

E.  disparaging, criticizing, or maligning DOGWATCH or its products in any way to any past, present or prospective purchaser, licensee, licensor, or owner of DOGWATCH products, or to any newspaper, print, radio, television, or on-line media company;

F.  refusing to cooperate with DOGWATCH in the protection of the DOGWATCH trademark, logo, or artwork commissioned by DOGWATCH ("DOGWATCH Intellectual Property") by all reasonable means, including without limitation, notifying DOGWATCH of any unauthorized use of the DOGWATCH Intellectual Property; responding promptly to inquiries from DOGWATCH regarding any actual or potential violation of the DOGWATCH Intellectual Property rights; and providing information or testimony or to assist in the defense or prosecution of any lawsuit, arbitration, or mediation involving DOGWATCH that concerns or relates in any way to the DOGWATCH Intellectual Property without judicial compulsion;

G.  representing to any past, present or prospective purchaser, licensee, licensor, or owner of DOGWATCH products, or to any newspaper, print, radio, television, or on-line media company that they continue to be associated with DOGWATCH; and

H.  failing to inform any present or prospective purchaser, licensee, licensor, or owner of DOGWATCH products, or to any newspaper, print, radio, television, or on-line media company making inquiry that any non-DOGWATCH products may not be compatible with or

suitable for repair or replacement of existing DOGWATCH products.

## ORDER

**GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.**

Dated: August 25, 2005        _____
                              Honorable Rya W. Zobel
                              United States District Court Judge

3

3929063v1